ANDREW GAMBLE *v.* MARTHA HICKS, Administratrix.

G. had probated, and had allowed by the probate court an account for $150.08 against H.'s intestate, which was part paid on the 2d of August, 1849, and the balance on the 2d of February, 1850, and after the time of the last payment it was ascertained that the intestate had, in the year 1847, sold a horse to G. for the sum of $100, which sum he had never paid or credited on his account against the said intestate's estate, and which H., the administratrix, had paid, who in 1852 commenced suit against G. for money due the said estate : — *Held*, that in such a case, the statute of limitations commences running only from the time the wrong was consummated by G., which was the date of the receipt of the money from H., the administratrix.

ON appeal from the circuit court of Warren county; Hon. R. Barnett, judge.

Martha Hicks, as administratrix of the estate of Benjamin J. Hicks, brought suit in the circuit court of Warren county against Andrew Gamble for the recovery of $176, which she had paid Gamble in her representative capacity, and which she had subsequently discovered had been paid said Gamble by the deceased, Hicks, in his lifetime. Suit was brought in 1852 for money alleged by the administratrix she had paid by mistake to Gamble, upon an account he had probated against the estate of Hicks, deceased. The payment of Gamble's account was made in August, 1849, and February, 1850, by the administratrix, and it is charged that Gamble, in 1847, had, in the lifetime of Hicks, deceased, purchased a horse of him for $100, which he had not paid or given credit in his account against the estate of deceased, which account had been paid.

The statute of limitations was pleaded by Gamble, and the jury found a verdict for the plaintiff, and Gamble prayed an appeal to this court.

*H. J. Harris* for appellant.

*W. A. Luke* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was an action brought in the circuit court of Warren county by the appellee, as administratrix of Benjamin J. Hicks, deceased, to recover back a certain sum of money, alleged to have been paid by her as such administratrix to the appellant, on an account which he presented against the estate of the intestate ; and which has been duly proved before and allowed by the probate court of Warren county.

The account of the appellant amounted to $150.08, and was paid by the appellee in part on the 2d of August, 1849, and the balance on the 2d of February, 1850. Some time after this last payment, it was discovered that the intestate had, some time during the year 1847, sold to the appellant a horse for the sum of $100, for which the former had never received credit, or if he had, the amount should have been credited upon the account paid by the appellee.

It is first objected on the part of the appellant, that admitting the truth of this charge of $100, it appears to have been a transaction in 1847, and that the present suit was not commenced till July, 1852. Hence it is argued that the claim was barred by the statute of limitations of three years, and that the court should have so ruled on the trial. We entirely disagree with counsel in this view of the law under the facts of this case. The appellant was bound as an honest man, as well as by the very nature, and, indeed, language of the oath which he was required to take, to place upon the account all just credits, to which it was entitled at the time he presented it to the probate court for allowance.

By this omission thus to credit the account, he received $100 and interest thereon more than he was entitled to collect. The wrong which constitutes the cause of action consists in first withholding this credit, and second, in receiving the full amount of the account, as though it was entitled to no other credit than such as appeared on its face. When he received this money, the claim of $100 for the horse was not barred by the statute of limitations, and hence it was a just and legal credit, which should have been given to the account.

We are for these reasons of opinion, that the statute only commenced running from the time the wrong itself was con-

summated, which was the receipt of the money by the appellant. An action could before the payment, or on the day of payment, have been maintained against him for the $100, and what he was on that day legally bound to pay to the administratrix, he was legally bound to credit on the account. Of course these remarks will be understood in reference to the facts of this case, and not to apply to unliquidated damages, or to matters not the subject of set-off, or payment.

It is next objected, that the court erred in admitting a certain account in the handwriting of the appellant, in which he had given the intestate credit for $100 for the horse, to be read in evidence to the jury. This account was found among the papers of the intestate, and is dated 15th of May, 1848. The main ground of objection is, that the account is not receipted by the appellant, nor does it appear to have been a settlement, say counsel, between the parties. It appears to have been a regular account made out by the appellant against the intestate, for the sum of $218, and credited by the sum of $100, for the horse as above named. Under these circumstances, it must be regarded as an account rendered, containing, in the estimation of the appellant at least, a true statement of the debts which he asserted against the intestate, and of the credits to which he was entitled.

Thus viewing the account, we see no objection to it as evidence, especially in connection with the circumstances as detailed by the witness Goodwin.

These being the only objections made to the action of the court below, the judgment must be affirmed.

Judgment affirmed.